UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEAN M. CARROLL )<br>    Plaintiff )<br>)<br>Vs. )<br>)<br>WALTER R. CRADDOCK, ESQ., In his Official )<br>Capacity as Administrator of The Rhode Island )<br>Division of Motor Vehicles )<br>    Defendant ) | C.A. No. 2020-126 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
FOR VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS**

**PRELIMINARY STATEMENT**

In this official capacity suit, Plaintiff challenges Defendant's authority to revoke the issuance of a "special courtesy" (or so-called "vanity") license plate where, as here, the license plate contains Plaintiff's fully protected individual political speech. Plaintiff seeks declaratory and injunctive relief under 42 U.S.C. § 1983. In August 2019, Plaintiff requested and obtained a special courtesy Rhode Island issued license plate with the letters "FKGAS" for use on his electrically-powered Tesla automobile. Plaintiff obtained this personalized license plate as a means of individual expression to convey a philosophical and political message regarding his political and environmental views.  On or about February 21, 2020, Defendant sent Plaintiff a letter stating that he received a "complaint" about the plate and had determined it is "inappropriate and/or offensive."  Defendant has ordered Plaintiff to return the plate by March 13, 2020 or the registration for his car will be cancelled.

Plaintiff maintains that Defendant's attempt to revoke the issuance of the license plate by threatening to revoke the registration of Plaintiff's automobile constitutes an improper viewpoint and content-based restriction on his speech that neither serves a compelling governmental

1

interest nor is narrowly tailored to achieve any valid governmental interest. Further, both the statutory provision Defendant purports to enforce respecting plates that "might carry connotations offensive to good taste and decency" and the standard set forth in Defendant's letter, "inappropriate and/or offensive," are unconstitutionally vague and overbroad.  Moreover, given Defendant's history of approving other special courtesy license plates, Defendant is arbitrarily enforcing the statute against the Plaintiff.

Plaintiff therefore seeks declaratory relief to the effect that R.I.Gen.L § 31-3-17.1 and § 31-3-5, which pertains to denials of automobile registrations, as applied to his personalized license plate and registration, violate his right to free speech under the First and Fourteenth Amendments.  Plaintiff also seeks declaratory relief finding that R.I.Gen.L § 31-3-17.1, on its face, constitutes an impermissible content and viewpoint based restriction of speech in violation of the First and Fourteenth Amendments and is unconstitutionally vague and overbroad under the First and Fourteenth Amendments.  Plaintiff further seeks injunctive relief barring Defendant from enforcing those statutory provisions to revoke Plaintiff's personalized license plate with the letters "FKGAS" in violation of the First and Fourteenth Amendments.

## PARTIES

1. Plaintiff Sean M. Carroll is a citizen and resident of the State of Rhode Island and the United States.

2. Defendant Walter R. Craddock is the Administrator of the State of Rhode Island's Division of Motor Vehicles ("DMV").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this case involves a federal question pertaining to the United States Constitution, as well as 28 U.S.C. §§ 1343, 2201, and 2202.

4. Venue lies in this Court pursuant to 28 U.S.C. § 1391 as this is the judicial district where defendant resides and this is the judicial district where the cause of action arose.

## STATEMENT OF FACTS

5. At all relevant times, Defendant, in his official capacity, acted under color of state law.

6. On a standard Rhode Island automobile license plate, the plate number consists of a combination of letters and numbers, or solely a series of numbers, generated by the DMV.

7. For an additional fee, Rhode Island allows vehicle owners to select their own letter and number configuration for their license plates. These so-called "vanity" plates are statutorily known as "special courtesy" license plates. R.I.Gen.L. § 31-3-17.1. Under Rhode Island law, "special courtesy" license plates may consist of no more than six letters and numbers and no less than two letters. Id.

8. The statute provides that Defendant "shall, in his or her discretion, refuse to issue any letter or combination of letters and numbers that might carry connotations offensive to good taste and decency." Id.

9. Individuals applying for a special courtesy license plate must pay a statutory fee of sixty ($60) dollars. Id.

10. On information and belief, vehicle owners who participate in the special courtesy plate program typically select a configuration of letters and numbers that convey a meaningful expression of their personal identity, values, or sense of humor.

11. The General Assembly has authorized Defendant to make rules and regulations respecting special courtesy plates.  R.I.Gen.L. § 31-3-17.1.

12. On information and belief, the Defendant has not made rules and regulations respecting the issuance or revocation of special courtesy license plates, but rather issues or revoke them in his broad discretion pursuant to Section 31-3-17.1.

13. The DMV has a page on its website respecting "Vanity Plates."  It states: "DMV may refuse to issue any combination of letters and numbers which might carry connotations offensive to good taste and decency."

14. On information and belief, the DMV maintains and makes use of a list of prohibited vanity plates, which includes courtesy plates that may convey political or social connotation but which it designates not for approval if requested, including: AIDS, CHRIST, CHUBBY, DIABLO, DOOBIE, DRUNK, GAY, GUN, HAJJI, HELL, HOOSIER, JESUS, JOCKY, LESBIAN, REDNECK, SLOB, TROLL, and YANKEE, among others.

15. On information and belief, the same list also purports to ban various common words such as APPLE, BANANA, HOOT, METER, and YELLOW, among others.

16. On information and belief, Defendant has on occasion, without any additional standards, approved courtesy plates with words that appear on its list of prohibited plates, including APPLE, CHRIST, TROLL, YANKEE, and YELLOW.

17. On information and belief, the DMV has specifically denied requests for other special courtesy plates which arguably convey political or social connotation, including:  BONG, HOOKAH, NYSKS, and REDNCK, among others.  Conversely, on information and belief, the DMV has approved these special courtesy plates:  DOGDOO, FACIAL, FATTY, FCCING, FKNFST, FKS, FLSHR8, FRELOV, FRIAR, FUBAR, HEAVEN, GUNS,

JEWISH, NEAT, OLDFRT, PISTL, REDNEC, REDNEK, REDNK, SABER, SKCK, SNAFU, and TIPSY, among others.

18. In other words, Defendant bans as "offensive to good taste and decency" the license plate CHUBBY but not FATTY; DRUNK but not TIPSY; HAJJI and HELL, but not HEAVEN or JEWISH; GUN but not GUNS or PISTL or SABER; HOOSIER but not FRIAR; REDNECK, but not REDNEK, REDNK OR REDNEC; and SLOB but not NEAT.

19. Defendant's attempt to ban Plaintiff's FKGAS plate as offensive stands in contrast to his allowance of such plates as FCCING, FKNFST, FKS, FUBAR, SKCK, and SNAFU, as well as such plates as DOGDOO, FACIAL, and OLDFRT.

20. On information and belief, Defendant has issued standard license plates to car owners that contained the letters FK or FU followed by three numbers.

21. The General Assembly has set forth the grounds upon which the Defendant can refuse to register an automobile. R.I.Gen.L. § 31-3-5. None of those grounds includes an "inappropriate and/or offensive" license plate. Id.

22. Plaintiff describes himself as an "outdoorsy" person and he supports environmentally-friendly policies. He has installed solar panels on his house to generate "clean" energy.

23. For these reasons, Plaintiff has been interested in purchasing an electrically-powered Tesla automobile. When he explained to his daughter that they could charge the car with energy from the solar panels, she said it was like "fake gas."

24. In August 2019, Plaintiff purchased an electrically-powered Tesla automobile in New York and registered it in Rhode Island.

25. In August 2019, Plaintiff applied to the DMV and received a Rhode Island special courtesy plate "FKGAS."

26. Plaintiff chose "FKGAS" for his special courtesy license plate because he wished to convey, through the license plate, a personal philosophical and political message concerning his views about gasoline-powered automobiles and the environment.

27. On February 17, 2020, the Providence Journal published a story, including a photograph of the license plate, stating that as a result of controversy surrounding Plaintiff's license plate, Defendant would "recall" it.

28. On February 24, 2020, Plaintiff received a letter dated February 21, 2020, from Defendant ("Defendant's Letter). In that letter, Defendant stated that his office had received "a complaint" about Plaintiff's license plate and that the DMV had deemed Plaintiff's plate "inappropriate and/or offensive" and that in his discretion he could refuse to issue any plate "which may carry connotations offense to good taste and decency," citing R.I.Gen.L. § 31-3-17.1. The letter states Plaintiff must return his plate by March 13, 2020 or Defendant will revoke the registration of his car which would make it unlawful for Plaintiff to operate his vehicle and would subject him to prosecution for operating an unregistered automobile if he were to operate it thereafter.

29. Defendant's enforcement of R.I.Gen.L. § 31-3-17.1, as applied, to revoke Plaintiff's special courtesy license plate constitutes an improper, viewpoint and/or content-based restriction on Plaintiff's protected speech for which there is no adequate remedy at law.

30. The statutory standard for the denial of a special courtesy plate, i.e., "which might carry connotations offense to good taste and decency," and Defendant's standard, i.e. "inappropriate and/or offensive," are unconstitutionally vague, overbroad, and unenforceable for the denial or revocation of license plates.

31. Defendant's decision to require Plaintiff to return his plate is arbitrary and capricious given his application of an unconstitutionally vague and overbroad standard as well as the other plates he has approved or denied.

## CLAIMS FOR RELIEF

### Count I - First Amendment (As-Applied)

32. Plaintiff realleges the allegations of Paragraphs 1 through 30.

33. The Defendant's acts, practices and policies constitute an impermissible infringement of Plaintiff's right to free speech as applied to Plaintiff's speech in the form of a special courtesy plate stating "FKGAS."

34. As applied to Plaintiff's special courtesy plate stating "FKGAS," the threat of enforcement by Defendant by revoking the registration of his car impermissibly discriminates against Plaintiff's speech on the basis of content and/or viewpoint, and has chilled and continues to chill Plaintiff's protected speech, thereby depriving him of rights secured by the First and Fourteenth Amendments to the United States Constitution.

### Count II - First and Fourteenth Amendments – (Facial)

35. Plaintiff realleges the allegations of Paragraphs 1 through 30.

36. On its face, § 31-3-17.1 is an overbroad restriction on speech in violation of the First and Fourteenth Amendments because the "offensive to good taste and decency" standard by which Defendant decides whether to recall already-issued personalized licenses plates (or deny new license plates) creates an impermissible risk of the suppression of ideas and of content and viewpoint discrimination.

37. On its face, R.I.Gen.L. § 31-3-17.1 is unconstitutionally vague in violation of the Fourteenth Amendment's Due Process Clause because a person of ordinary intelligence would not know

that Plaintiff's intended speech is prohibited by the statute, and because the statute lacks clear standards and objective criteria, thus allowing Defendant to bar Plaintiff's intended speech based on ambiguous, subjective, arbitrary or discriminatory reasons.

38. On its face, R.I.Gen.L. § 31-3-17.1 is an unlawful restriction on speech of those individuals applying for special courtesy license plates because it incorporates, by reference, impermissible content and viewpoint based restrictions on those license applications that neither serve a compelling governmental interest nor are narrowly tailored.

### Count III- First and Fourteenth Amendments-Arbitrary Enforcement

39. Plaintiff realleges the allegations of Paragraphs 1 through 30.

40. Neither Section 31-3-17.1 nor Defendant's Letter define the terms "connotations offensive to good taste and decency" or a "inappropriate and/or offensive" which they purport to apply, respectively.

41. As a result of both the unconstitutionally vague and overly broad nature of Section 31-3-17.1 and Defendant's history of approving and disapproving other special courtesy license plates, Defendant has enforced it arbitrarily against Plaintiff.

42. This arbitrary enforcement violates the Fourteenth Amendment of the United States Constitution.

   WHEREFORE, the Plaintiff requests that this Court:

(1) Issue an interim injunction temporarily and preliminarily enjoining Defendant from cancelling Plaintiff's license plate "FKGAS" and temporarily and preliminarily enjoining Defendant from impairing the current registration of Plaintiff's Tesla automobile pending determination of the merits;

(2) Declare R.I.Gen.L. § 31-3-17.1 unconstitutional, as applied to Plaintiff's speech in the form of a personalized license plate application containing "FKGAS";

(3) Declare R.I.Gen.L. § 31-3-17.1 facially unconstitutional;

(4) Declare R.I.Gen.L. § 31-3-17.1 facially invalid to approve new personalized license plate applications;

(5) Issue a permanent injunction barring Defendant from enforcing R.I.Gen.L. § 31-3-17.1 to deny Plaintiff's special courtesy license plate containing "FKGAS";

(6) Issue a permanent injunction barring Defendant from enforcing R.I.Gen.L. § 31-3-17.1 to deny new special courtesy plate applications on the grounds that they are "offensive to good taste and decency" or otherwise "inappropriate and/or offensive";

(7) Award Plaintiff his costs, including reasonable attorney fees, pursuant to 42 U.S.C. § 1988; and

(8) Grant any additional relief to which Plaintiff may be entitled.

> Respectfully submitted,
> **SEAN CARROLL**
> By his attorneys,
> /s/ Thomas W. Lyons
> Thomas W. Lyons          #2946
> Rhiannon S. Huffman      #8642
> Cooperating attorneys,
> AMERICAN CIVIL LIBERTIES UNION
> FOUNDATION OF RHODE ISLAND
> Strauss, Factor, Laing & Lyons
> One Davol Square, Suite 305
> Providence, RI 02903
> (401) 456-0700
> tlyons@straussfactor.com

of counsel:
Lynette Labinger, #1645
128 Dorrance Street, Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com

Cooperating attorney,
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF RHODE ISLAND